JOHNSON, Receiver, et al, Appellants, v. PETERSON, Respondent.

(168 N. W. 717).

File No. 4275. Opinion filed Sept. 6, 1918).

**Negotiable Instruments—Defense Fraudulently Obtaining Signature— Representations re Claim Against Maker's Decedent—Conflicting Evidence, Sufficiency.**

> Where the defense in a suit upon a promissory note was that defendant was induced to sign the note through fraudulent representations made to her by T that one B held a claim against the estate of defendant's deceased husband, that T had paid the claim with a bank's money to avoid trouble with B, and that it was necessary for him to have defendant's note running to the bank, **held,** that trial court's findings in favor of defendant, while based on conflicting evidence, were sustained thereby.
>      Whiting, P. J., dissenting.

Appeal from Circuit Court, Day County. HON. THOMAS L. BOUCK, Judge.

Action by Frank H. Johnson as receiver of the First National Bank of Bristol, a corporation, and the First National Bank of Bristol, a corporation, against P. Peterson, to recover upon a promissory note. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*L. W. Bicknell,* and *W. F. Bruell,* for Appellants.

*Anderson & Waddel,* for Respondent.

McCOY, J. This action was instituted by appellant, as receiver of the First National Bank of Bristol, to recover from respondent the amount appearing to be due under and by virtue of a certain promissory note for $800, alleged to have been executed and delivered by respondent to the Farmers' State Bank of Butler on the 5th day of August, 1915, and which note had been thereafter assigned and transferred to the said First National Bank of Bristol. The respondent admitted signing, on the 5th day of August, 1915, what she then believed to be a note for $200, and delivered the same to one T. N. Strandness, cashier of said bank of Butler. Respondent, however, claimed that said note was so obtained from her by means of false and fraudulent representations made to her by said T. N. Strandness; that said T. N. Strandness then stated to her that one B. had a claim against the estate of her deceased husband, of which estate one T. Strandness, the president of the said bank of Bristol, and father of said T. N. Strandness, was administrator, and that the funds of said estate were on deposit in the said bank of Bristol; that said T. N. Strandness falsely and fraudulently represented to respondent that said claim of B., amounting to $200, had been paid by said T. N. Strandness to avoid trouble with B., and that said claim had been paid with money of the said bank of Butler, and that it was necessary for

him to have a note from respondent running to the Butler bank representing said sum, and that respondent, being a woman without business experience, relying upon said representations, and believing the same to be true and not otherwise, and without reading the same, signed a paper, then and there believing the same to be a note for $200 and no more; that all the said representations so made by said Strandness to her were false and fraudulent, and so known to be by said Strandness, and were so made by him for the purpose of procuring respondent's signature to said note in pursuance of a fraudulent conspiracy between said T. N. Strandness and his father, T. Strandness, for the purpose of creating apparent assets in the First National Bank of Bristol, then an insolvent institution. The trial court made findings of fact sustaining the contention of respondent, and the vital question before this court for determination is whether there was sufficient evidence to sustain the findings. Only a question of fact is involved. There was considerable conflict in the testimony. We are of the view, and so hold, that there was sufficient evidence introduced on the trial to sustain the findings of the learned trial court. All assignments of error have been carefully considered, and it will serve no useful purpose to further refer thereto.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

WHITING, P. J., dissenting.